Good morning, may it please the court. Sylvia Baez on behalf of Ms. Garcia in this immigration matter. Thank you. Pardon? Oh, I thought you were talking to me. No, I wasn't. Ms. Maria Dolores de Garcia is appealing the Board of Immigration Appeals and the immigration judge's decision to deny her relief from deportation. One of my principal arguments is that the immigration judge and therefore the Board of Immigration Appeals did not allow her to apply for adjustment of status with a 212H waiver. She has been a permanent resident since 1973. All her four U.S. citizens children were born in the United States. Most of them are over the age of 21. And this case stems from a 1993 conviction for transportation of undocumented people from the Southern District of California. And then from a 1998 detention that she had for alleged to have encouraged. Pardon me, not alleged, she admitted it. She admitted it. So we have two alien smuggling conducts, one conviction. One conviction in 93. And the other is an admission for purposes of this appeal. Right. Now, why do you think that she's eligible for any sort of a waiver, even if the waiver statute applied? Well, because I believe that, for example, the encouraging, aiding and abetting encouraging could be waived through a 212H waiver and an adjustment of status application through her U.S. citizen children. Her U.S. citizen children are immediate relatives of the immediate relatives of a person coming into the United States. And so she wouldn't have to wait. How does a 212H waiver differ from a 212A waiver? A 212A waiver?  Oh, well, 212C, 212H can waive. Well, 212H can waive anything after 1996. 212C can only waive things for people who had convictions before 1996. So. Well, then how can you waive her conviction 1993? With the 212C. With the 212C. A 212C. Yes, because she's been a permanent resident since 1973. So she would apply for a 212C in conjunction with a new adjustment of status application and a 212H waiver to waive the 1998 offense. All right. And I think I only have 10 minutes, so I will reserve a couple of minutes for rebuttal. If you have any other questions, I'd be glad to answer. I don't have any questions, but let me ask you this. I was under the impression that the 212C relief was applicable only in exclusion proceedings and not in removal proceedings after a decision in bank in a BB.  Am I wrong on that? She would do she would do an adjustment of status application. And so she would be as if she was, again, applying for admission into the United States through that whole process. So then the adjustment of status would be a discretionary determination by the Department of Home Security. Yes, it's a USCIS department. So what you're really seeking is that we reverse the order of the BIA to allow administrative relief. Yes. All right. I have no further questions. Okay. And I'll reserve a couple of minutes. Good morning, Your Honors. My name is Bo Stanton. I'm here today on behalf of the Attorney General. The petitioner in this case concedes that she is removable as charged. Thus, the only issue before this Court is whether or not she is eligible for relief and removal. She applied for cancellation and removal, 212C waiver, and 212H waiver. The Board of Immigration Appeals found that she wasn't eligible for any of this relief, and this decision should not be overturned. First, turning to whether or not she is eligible for cancellation and removal, the Board of Immigration Appeals found that it was unnecessary to reach the 212C waiver because even assuming that she was eligible for it, she was still ineligible for cancellation and removal in regard to the 1998 removability charge. And the petitioner cannot get around this because cancellation and removal, as you indicated in MBEBE, says that people – oh, excuse me. I'm confusing issues, Your Honor. But you can't get the cancellation and removal because – sorry. Thank you. A little excited. The – assuming that she was granted a 212C waiver, that would bar her from getting cancellation and removal because she was granted one waiver and the statute prohibits that. But even assuming that wasn't the case, this Court reached a decision in Becker that especially prohibited the simultaneous relief of 212C and cancellation and removal. But even assuming that wasn't the case also, under the cancellation and removal statute, if you've been convicted as an aggravated felon, you're also barred from receiving cancellation and removal. Thus, she is ineligible for cancellation and removal completely. But she wouldn't be able to adjust her status to that of a legal permanent resident. No, Your Honor. Unless she were here in the country, right? She would be ineligible to adjust her status in any case because she's an aggravated felon. But that decision hasn't been made by the administrative agency yet. No, it doesn't have to reach that decision either, Your Honor. Why not give her a chance to apply to the Immigration Service to – as whatever it's called now, ICE – to adjust her status? Well, in this particular case, Petitioner's argument is that she can apply for adjusting the status while receiving a 212H waiver, but she is ineligible and it's completely inapplicable to her case with 212H because first, 212H waiver is only applicable to people who have been charged with inadmissibility. Petitioner in this case has been charged with removability. That's a B.B. All right, so that's fine. Right. Can she apply for adjustment of status if she is removed? I don't believe so, Your Honor. So what you're saying is you want her to be removed to avoid – to eliminate the possibility that she might apply for discretionary adjustment of status. I don't believe she could apply for adjustment of status based on her movability charges in addition to the aggravated felon. But that's not your call, is it? No, you're right, Your Honor. It's not my call. It's another agency's call. It's not the Department of Justice's call. It's the Immigration Service's call. Yes. So why not grant her cancellation of removal to allow her the opportunity to adjust her status? Your answer is she's not eligible for cancellation of removal because of her aggravated felony convictions and admissions of conduct. Correct. I think we have your case. Okay. If there's no further questions, I'll go ahead and give back the rest of my time to the Court. Thank you very much. Thank you. Do we have discretion to do what you want us to do? Or is the statute telling us that we cannot grant cancellation of removal for aggravated felon? I'm not asking for cancellation of removal. I'm asking for a remand so she can apply for a 212-H waiver, adjustment of status, and a 212-C waiver because I understand the government's argument. And in my case, I wanted to apply for adjustment of status with a 212-H waiver, but the immigration judge pre-permitted it. That's a term that they used to say, no, we're not even going to hear it. We're not even going to hear it because of her admitted conduct in 1998 in smuggling aliens. Right, right. In other words, we're going to remove her to avoid her applying for adjustment of status. Well, I think that that's a violation of her right to due process because she should be allowed to apply for whatever relief is available. And in 1998, an aggravated felon who should be removed from this country has a right under due process to apply for adjustment of status to become a legal permanent resident? You do. As hard as that may be, as difficult as that may be to believers, yes, you have a right as an alien in a deportation hearing under the due process clause to apply for whatever relief may be. You have a case that says that? Yes, Plyler v. Doe. There's tons of cases that say that. That's one, Plyler v. Doe. I cited them in my brief. And that's a Supreme Court case. And you think it's a violation of due process for Congress to say that the removal of an aggravated felon is not a reasonable measure? But the person still, because the person is a lawful permanent resident, even an alien who is not a lawful permanent resident still has a right in deportation to a due process hearing, which she didn't get. You don't get a hearing when you apply for adjustment of status. Pardon me? You don't get a hearing when you apply for adjustment of status. Well, you get a determination. It's a bureaucratic determination. Pardon me. An administrative determination. Right? Right. At the time that she was in deportation proceedings in 1998, the law changed and the 1993 felony became an aggravated felony. But there's case law that says that if she had known that they were going to pretermine all her applications, she should have been given a right. And the law regarding the definition of aggravated felony in this instance should not have been applied retroactively to her because she could have applied for relief at that time. But because the law changed right in the middle of her hearing, she was denied the right to apply for anything. So our argument is that she should have. Thank you very much. Thank you. The case of Lope de Garcia will be submitted and we will move to the next case, which is Zinaida Abdalion versus Holder. Carlos. Yes. Let's wait. Just wait a second. We have a technical problem that on the video, the picture of the lawyer arguing is totally black. And Dennis, my technical guy here, says he's in touch with Carlos or with Caleb and that Caleb can fix it if we just interrupt for a minute. So that's why I was asking you to pause. And can we ask Caleb if he's not? Okay. And now I see the picture moving. Okay. It's back. That's fine. Okay. Thanks for your courtesy and waiting. I think we can proceed. All right. You wish to commence?
judges: Hart, Gould, Bea